# IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF FLORIDA TALLAHASSEE DIVISION

WATKINS RICHARDSON,

      Petitioner,

v.                                        CASE NO.  4:02cv298-RH/WCS

UNITED STATES OF AMERICA,

      Respondent.

_____/

## ORDER DENYING PETITION

      The petitioner in this habeas corpus proceeding under 28 U.S.C. §2241 is subject to state and federal sentences for successive drug crimes.  The federal offenses were committed, and a 150-month sentence was imposed, prior to the commission of the state offenses.  The federal court had no reason to believe the state offenses would be committed and did not address at the time of sentencing any issue concerning whether the federal sentence would be consecutive to or concurrent with any other sentence later imposed.  The state court, in contrast, knew of the federal sentence and imposed a 208-month state sentence to be served concurrently with the federal sentence.  Petitioner remains in state custody,

however, and the Bureau of Prisons has determined that petitioner will not receive credit on his federal sentence until completion of the state sentence, thus effectively rendering the sentences consecutive.  The Bureau initially announced its contrary intention, but solicited, and then heeded the recommendation of, the federal sentencing judge, who "directed," based at least partly on petitioner's conduct after imposition of the federal sentence, that the federal sentence should be made consecutive.

Petitioner now challenges the failure of federal authorities to take him into federal custody at this time so that he can begin serving his federal sentence and challenges the decision of the Bureau of Prisons not to afford him credit for time served in state custody.  The matter is before the court on the magistrate judge's report and recommendation, which correctly concludes that the claims as presented are unfounded.  I adopt the report and recommendation as the opinion of the court.

I write further to address more fundamental issues that are inherent in petitioner's circumstances.  The issues include (1) the respective roles of the state and federal governments in determining whether state and federal sentences imposed on the same defendant are consecutive or concurrent, and (2) to the extent this determination is to be made at the federal level, the respective roles of the sentencing judge and Bureau of Prisons in making the decision.

    **1.  *The Federal Sentence*.**  The federal court imposed a sentence of 150

months.  At that time, petitioner was not subject to any other sentence, and no other

charges were pending.  The court did not address any issue regarding whether, if

petitioner was later convicted of any other offenses, the sentences should be

concurrent or consecutive.  Under 18 U.S.C. §3582, the federal sentence as

imposed was final and could not be changed, with narrow exceptions not relevant

here.  And under the double jeopardy clause, petitioner could not again be

prosecuted for the same offenses, nor could his sentence be increased.

   **2.** ***The Effect of Silence in the Federal Sentence*.**  The statute that

addresses the issue of whether sentences should be consecutive or concurrent

provides:

> Imposition of concurrent or consecutive terms.—If multiple
> terms of imprisonment are imposed on a defendant at the same time,
> or if a term of imprisonment is imposed on a defendant who is already
> subject to an undischarged term of imprisonment, the terms may run
> concurrently or consecutively, except that the terms may not run
> consecutively for an attempt and for another offense that was the sole
> objective of the attempt. Multiple terms of imprisonment imposed at
> the same time run concurrently unless the court orders or the statute
> mandates that the terms are to run consecutively. Multiple terms of
> imprisonment imposed at different times run consecutively unless the
> court orders that the terms are to run concurrently.

18 U.S.C. §3584(a).

   There is a split in the circuits on whether, under this provision, a federal

sentence that does not address the issue automatically should be deemed

consecutive, not concurrent, with respect to any other sentence *later* imposed.

On one reading, the entire paragraph speaks only to the two situations described in the first sentence:  the imposition of sentences at the same time, or the imposition of a sentence on a defendant who is already subject to an undischarged sentence imposed earlier.  On this view, the paragraph does not apply to the situation in the case at bar:  imposition of a sentence on a person who is not subject to an undischarged sentence but who is *later* sentenced for a different offense.  The Second Circuit has adopted this view.  *See McCarthy v. Doe*, 146 F.3d 118, 121-22 (2d Cir. 1998).

On a different reading, however, the paragraph's last sentence is considered alone.  By its terms, this sentence is not limited to a defendant who is being sentenced at the same time for different offenses or who is already subject to an undischarged term of imprisonment; the provision applies also to a defendant who, like petitioner, is not subject to any other sentence at the time, but who is *later* sentenced for another offense.  The Seventh Circuit has adopted this view.  *See Romandine v. United States*, 206 F.3d 731 (7th Cir. 2000).

If the Seventh Circuit view is correct, then, as a matter of federal law, petitioner's federal sentence is deemed concurrent.  I conclude, however, that the Second Circuit has read the statute correctly. The statute thus does not *require* that the federal sentence be deemed concurrent.

This leaves the Bureau free to treat the sentence, in effect, as either concurrent or consecutive.  Under 18 U.S.C. §3585(a), a federal sentence "commences" on the date when a defendant is received in federal custody, so that a defendant who, like petitioner, is in state custody serving a state sentence ordinarily receives no credit on his federal sentence.[1]  But the Bureau has discretion to designate a state institution as the official facility for service of the federal sentence, *see* 18 U.S.C. §3621(b), and may even implement such a designation nunc pro tunc.  *See Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990).  If the Bureau makes such a designation, the state and federal sentences are, in effect, concurrent.  Otherwise, the sentences are, in effect, consecutive.

3.  ***The Bureau's Approach***.  The Bureau of Prisons has adopted a program statement specifically addressing this issue.  Under the program statement, a state facility is designated for service of a federal sentence, thus rendering sentences effectively concurrent, "when consistent with the intent of the sentencing Federal court."  Bureau of Prisons Program Statement 5160.04 (document 15, ex. Q) at 3. The Bureau determines the federal court's intent from the original judgment or by

---

[1] Under 18 U.S.C. §3585(b), a defendant receives credit for time spent in state custody prior to commencement of the federal sentence if that time "has not been credited to another sentence."  That provision does not help petitioner, because the time he is serving in state custody is being credited on his state sentence.

sending a letter to the court asking whether the court objects to designation of the state facility. *Id.* at 4-5. The Bureau adopted this approach based on the Third Circuit's decision in *Barden*.

In the case at bar, the original federal judgment gave no indication of the court's intent on this issue. The Bureau sent the sentencing court a letter indicating the state facility would be designated for service of the federal sentence, thus making the state and federal sentences concurrent, unless the court objected. The court's written response "directed" the Bureau to run the sentences consecutively, notwithstanding the state court's imposition of a purportedly concurrent sentence. In accordance with the view of the federal court, the Bureau elected not to designate the state facility for service of the federal sentence. Petitioner thus is serving his state sentence and receiving no federal credit; the sentences will be consecutive.

Petitioner has not challenged the Bureau's practice of soliciting the post-sentencing views of the federal sentencing court. Nor has he challenged the decision of the court in this instance to provide its views. The practice has support in the reported cases. *See, e.g., Barden*, 921 F.2d at 483; *United States v. Pineyro*, 112 F.3d 43, 45 (2d Cir. 1997). And the practice has much to commend it: the sentencing court is familiar with the goals of sentencing, *see* 18 U.S.C. §3553(a), and with the particular case, and may be the best, most readily available source of

reliable information of the type the Bureau properly should consider in making its

determination.  Especially in light of such cases as *Barden* and *Pineyro*, the Bureau

can hardly be faulted for soliciting and considering the views of district courts.

Still, the propriety of this approach is not entirely clear.  So far as I am

aware, no court has specifically attempted to reconcile the district court's making

of such recommendations with §3582, which precludes a district court from

changing a sentence once imposed with exceptions not relevant here, or with the

principle that federal courts address issues only to the extent appropriate for

resolution of cases properly within their jurisdiction.  *See, e.g., Ashwander v.*

*Tennessee Valley Auth.*, 297 U.S. 288, 341, 345-46, 56 S. Ct. 466, 80 L. Ed. 688

(1936) (Brandeis, J., concurring); *Hayburn's Case*, 2 U.S. (2 Dall.) 408, 1 L. Ed.

436 (1792) (forbidding federal courts from rendering advisory opinions or making

determinations that are subject to revision by the executive branch).[2]  Petitioner has

not, however, challenged the Bureau's solicitation or consideration of the

sentencing court's views in the case at bar, and he is entitled to no relief on this

---

[2] It is commonplace for judges to make recommendations to the Bureau with
respect to the treatment of a specific defendant.  Indeed, the standard form of
judgment in a criminal case includes a section specifically devoted to such
recommendations.  Thus, for example, judges routinely recommend designation
near a specific location or to a specific type of facility or that a defendant receive
treatment of one kind or another while in custody.  But more substantive
recommendations that are based on facts that occurred after sentencing and may
affect the term a defendant will serve are of an altogether different character.

basis.[3]  It will be time enough to address these issues if and when properly raised

by an affected party.[4]

    **4.  *The Role of the State*.**  The state court specifically imposed a sentence

intended to be served *concurrently* with the federal sentence.  That direction has

not been followed.

    The proper implementation of a federal sentence is of course an issue for

federal authorities.  A state court's decision regarding concurrency need not be

followed.  *See, e.g., Finch v. Vaughn*, 67 F.3d 909 (11th Cir. 1995).  Petitioner's

contrary assertion is plainly unfounded.

    Still, this approach is troublesome.  A sounder approach, when sentences are

imposed at different times and the first court did not anticipate that a second

sentencing would occur, might be to run the sentences concurrently or

consecutively as directed by the *second* court, state or federal.

    Thus, for example, if a defendant is sentenced first in federal court and later

---

[3] A defendant who challenges the Bureau's calculation or implementation of his sentence must exhaust his administrative remedies within the Bureau prior to going to court.  Petitioner has not exhausted any claim that the Bureau's solicitation or consideration of the sentencing judge's views was improper and thus would be entitled to no relief on any such claim in this case even if now asserted.

[4] The failure of petitioner or, apparently, any other defendant to challenge the Bureau's approach may be explained by the alternatives.  The Bureau's current approach is more favorable to defendants than the approach it replaced.  Under the prior approach, which is described in *Barden*, petitioner's request for nunc pro tunc designation of the state facility apparently would not even have been considered.

in state court, the federal judge already will have determined the sentence he or she believes appropriate for the federal crime, and under 18 U.S.C. §3582, the sentence will not be subject to revision.  The state judge will know, when the later state sentence is imposed, what overall sentence he or she deems appropriate, and this will be reflected in the state sentence.  Thus, for example, if the federal judge imposes a sentence of 150 months, and the state judge determines that an appropriate combined sentence is 208 months, the state judge could impose a sentence of 68 months consecutive to the federal 150 month sentence, or the state judge could impose a sentence of 208 months concurrent with the federal sentence; the net effect would be the same (so long as the court's direction ultimately is honored).  If the state judge imposes a sentence of 208 months concurrent—intending defendant to face overall punishment of 208 months—defendant ought not have to serve 358 months.  And if the state judge imposes a sentence of 68 months consecutive—again intending defendant to face overall punishment of 208 months—defendant ought not get out in 150 months. And it ought not be open to the federal judge to determine after the fact, when any change in the federal sentence is foreclosed by §3582 and perhaps also by the double jeopardy clause, that 150 months was not long enough and that the appropriate sentence is really 358 months.

Ultimately, however, it is the role of Congress, at least within constitutional

limits, to address these issues.  Congress has not made determinative the view of

the second court, even when the first court did not address the issue.  Congress has,

instead, (a) provided that service of a federal sentence commences when a

defendant enters federal custody, (b) authorized designation of a state facility for

service of a federal sentence, and (c) delegated to the Bureau of Prisons the

discretion to make such a designation.  The Bureau has validly determined not to

treat as dispositive the views of a state sentencing court.  And the Bureau also has

validly determined not to preclude consideration of conduct or events occurring

after the initial imposition of the federal sentence.[5]

   **5.  *The Denial of Concurrent Treatment*.**  Ultimately, the issue in the case

at bar is whether the Bureau abused its discretion in determining not to designate

the state facility as the place of service of petitioner's federal sentence.  The effect

of the Bureau's determination was to render petitioner's state and federal sentences

_____

   [5] Although §3582 prohibits revision of the federal sentence, there is no
analogous prohibition on changes in a defendant's designation to a facility.  And
though there is a tension between such changes, on the one hand, and the current
determinative sentencing regime, on the other, it bears noting that the Constitution
does not require, and for much of the nation's history the federal system did not
follow, a determinative sentencing regime.  The Bureau may consider post-
sentencing conduct in deciding where to designate a defendant and thereby affect
the amount of time the defendant will spend in custody, just as, prior to enactment
of the Sentencing Reform Act of 1984, the Parole Board could consider post-
sentencing conduct in deciding when to release a defendant, and just as, even now,
the Bureau of Prisons may consider post-sentencing conduct in deciding whether to
afford a defendant gain time.

consecutive.

I conclude that the Bureau did not abuse its discretion.  At the time of the federal sentencing, and without regard to the later state offenses, petitioner was a career offender with a guidelines range of 262 to 327 months.  The sentence of 150 months was a departure based on the government's motion indicating defendant had provided substantial assistance in the investigation or prosecution of others. *See* U.S. Sentencing Guidelines Manual §5K1.1.  It was anticipated that petitioner would continue to provide assistance, including by testifying at the trial of a co-defendant.  Reduced sentences are warranted for defendants who cooperate at least in part because such defendants seemingly have renounced criminal conduct and come over to the law-abiding side of the ledger.

Here, however, petitioner chose not to report for service of his federal sentence.  He became a fugitive and returned to drug dealing under a different name.  He did not provide the testimony that was anticipated when the §5K1 motion was filed and sentence was imposed.  Whatever might be said of the Bureau's solicitation of the sentencing court's views or the process by which this information came to the Bureau, it is clear that these are all circumstances that properly could be considered in determining whether to make the sentences concurrent or consecutive.  And as set forth above, the Bureau was not required to accept the state court's views.

The Bureau also was not required to accept the federal court's views, as *Barden* and *Pineyro* make clear.  There is no indication in this record that the Bureau failed to exercise its discretion, considered any improper factor, or failed to consider any proper factor.  Moreover, petitioner has not challenged the manner in which the Bureau exercised its discretion.  His contention, instead, is that he is *entitled* to credit for time served in state custody, or is *entitled* to be moved into federal custody, so that, in effect, the sentences are made concurrent, as the state court intended.  But the contention of entitlement is wrong.  Congress committed these matters to the discretion of the Bureau of Prisons, and in the absence of a properly exhausted challenge to the manner in which the Bureau exercised its discretion here, petitioner is entitled to no relief.  As correctly set forth in the report and recommendation, all of the claims petitioner has advanced in this proceeding are unfounded.

For these reasons,

IT IS ORDERED:

The clerk shall enter judgment stating, "The petition for writ of habeas

corpus is DENIED."  The clerk shall close the file.

SO ORDERED this 29th day of September, 2005.

s/Robert L. Hinkle

Chief United States District Judge